IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Consolidated For All Purposes**

ABBASID, INC., dba Azhar's
Oriental Rugs, and AZHAR SAID,

        Plaintiffs,

  vs.                                                                                               No. CIV 09-347 JP/LFG

FIRST NATIONAL BANK
OF SANTA FE,

        Defendant.
====================================
ABBASID, INC., dba Azhar's
Oriental Rugs,

        Plaintiff,

  vs.                                                                                       No. CIV 09-354 JP/LFG

LOS ALAMOS NATIONAL BANK,

        Defendant.

**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE
PLAINTIFF'S EXPERT WITNESS AND REPORT**

THIS MATTER comes before the Court on Defendant Los Alamos National Bank ("LANB")'s Motion to Exclude Plaintiff's Expert Witness and Report [Doc. 86][1]. Defendant First National Bank of Santa Fe ("FNBSF") joined in LANB's motion and filed both a memorandum of joinder [Doc. 88] and a reply [Doc. 92]. Briefing is now complete. Oral argument is not necessary. For the reasons given below, the Motion to Exclude Expert Witness is granted.

These consolidated cases were each filed originally in state court in Hidalgo County, Texas, removed to the United States District Court for the Southern District of Texas, and transferred to this Court in April 2009. In a Scheduling Order [Doc. 33] entered May 6, 2009, the Court directed a

---

[1] All references to document numbers are to the documents as filed in the lead case, Cause No. 09-347 JP/LFG.

discovery termination date of September 1, 2009, with Plaintiff's expert reports due July 6, 2009 and Defendants' experts due August 5, 2009.

On May 22, 2009, Senior United States District Judge James A. Parker *sua sponte* entered an Order of Consolidation [Doc. 37], and on May 29, 2009, the undersigned Magistrate Judge entered a Scheduling Order for Consolidated Cases [Doc. 40]. That Scheduling Order extended the discovery termination date to October 16, 2009, with Plaintiff's expert reports due August 17, 2009 and Defendants' experts due September 16, 2009.

On August 25, 2009, the Court approved the parties' proposed brief extensions of pretrial deadlines and extended the discovery deadline to October 23, 2009, the deadline for Plaintiff's expert reports to August 21, 2009, and the deadline for Defendants' expert reports to September 23, 2009. [Doc. 64]. These are the deadlines currently in effect for this case.

On August 20, 2009, the day before Plaintiff's expert disclosure and reports were due, counsel for Plaintiff requested from opposing counsel an extension of time, until September 11, to submit expert reports. Under Plaintiff's proposal, Defendants' expert deadline would also be extended, to October 15, and the close of discovery would be moved to November 16. [Doc. 88, Ex. A]. On August 26, 2009, counsel for FNBSF sent an e-mail to Plaintiff's attorney, agreeing to the proposed extensions under the condition that the deadline for discovery and pretrial motions also be extended, and that the changes be incorporated into a Court order modifying the case management plan. [Doc. 88, Ex. B].

On September 9, 2009, Plaintiff's attorney filed a Motion [Doc. 74], asking the Court to modify the case management deadlines as proposed the FNBSF's counsel, extending periods for submission of expert reports, termination of discovery, and filing of discovery and pretrial motions. The Court denied this motion by Order [Doc. 82] dated September 15, 2009. In the Order, the Magistrate Judge noted that while he would be willing to grant extensions on the deadlines for discovery and expert disclosure, the deadlines for non-discovery pretrial motions could not be extended, as the parties' proposal would give the trial judge insufficient time to receive, consider,

decide and issue opinions on pretrial motions prior to the pretrial conference.

The Court further advised the parties that if they wished to resubmit a new motion that would modify only the discovery, discovery motion, and expert report deadlines, without changing other pretrial deadlines, they could do so within ten days. No such revised motion was ever filed; thus, the deadlines established in the Order Adopting Joint Status Report and Provisional Discovery Plan remained in effect. At this point, Plaintiff's expert reports were already several weeks overdue.

On September 25, 2009, Defendant LANB filed the current Motion to Exclude Plaintiff's Expert, stating that Plaintiff failed to identify its expert or provide a report until September 24, 2009. LANB stated that it would be prejudiced if Plaintiff's untimely disclosure were allowed, as Defendants would not be able to depose the expert or request documents relied on by the expert, prior to depositions of other witnesses which were scheduled for October 12, 22 and 23.

FNBSF joined in LANB's motion, noting that both Defendants submitted their expert reports by the Court-established deadline of September 23, 2009. FNBSF stated further that it would be prejudiced by allowance of Plaintiff's late expert disclosure, for two reasons: Plaintiff's late disclosure deprived FNBSF of the opportunity to rebut the expert opinions of Plaintiff's experts with their own expert reports; and FNBSF would not be able to depose Plaintiff's expert prior to the close of the discovery period on October 23, 2009, as Plaintiff's attorney stated he was not available for depositions until the week of November 6-13. FNBSF argues that holding the expert deposition at that late date would create problems in obtaining the deposition transcripts in sufficient time to prepare for pretrial motions, which are due November 16, 2009.

Plaintiff's counsel asserts that he did, indeed, mail copies of the expert report to counsel for both Defendants on September 9. The report was unsigned, but counsel says he notified Defendants that he would submit a signed copy soon thereafter. Assuming the unsigned reports were sent out to counsel as Plaintiff's attorney alleges, they should have been received by September 11 which is the deadline agreed to by the parties, although never allowed by the Court.

At a telephonic status conference on October 1, 2009, the undersigned Magistrate Judge

initially indicated that he would deny the Motion to Strike as it appeared that Defendants suffered no prejudice, having received copies of the report, albeit unsigned, within the time they agreed to allow. After hearing arguments of counsel, particularly statements by attorneys for both Defendants to the effect that neither of them received any copy of the expert report, whether signed or unsigned, until September 24, the Court withdrew its initial ruling and directed the parties to complete full briefing of the Motion to Strike.

Plaintiff's counsel has not complied with the deadlines set by the Court for filing expert reports. He has not set forth any reason sufficient to excuse his failure to meet deadlines, and both Defendants have been prejudiced. Both Defendants submitted their expert reports within the original deadline. They did not have the opportunity normally afforded Defendants to examine Plaintiff's expert's opinions before consulting with their own experts, with the result that their expert reports may not be responsive to the issues raised by Plaintiff's experts.

There is now insufficient time left for Defendants to submit new expert reports, even assuming the Court would permit new or amended reports. There is insufficient time to depose Plaintiff's expert prior to the close of discovery and, even if an extension of the discovery deadline were allowed, there would be insufficient time for Defendants to obtain a transcript of the expert's deposition testimony in time to meet the deadline for filing dispositive motions.

Both parties were advised in the Court's original Scheduling Order that case management deadlines could not be modified "except by an order of the Court upon a showing of good cause." [Doc. 33, at 1]. In addition, this Court's local rules provide that "[m]odification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval." D.N.M.LR-Civ. 16.1.

Plaintiff has not shown good cause for his failure to meet the August 21 deadline. The request for an extension to September 11 was accepted only conditionally by Defendants, and it was explicitly rejected by the Court. Plaintiff failed thereafter to take up the Court's offer to reconsider the motion if it were re-submitted without the request to extend pretrial deadlines. Instead,

Plaintiff's counsel apparently assumed that Defendants would accept an expert report if served by the date proposed, even though Defendants' conditions for agreeing to the proposal were not met. While the Court was initially inclined to permit the late service of the unsigned expert report, it is now clear that Defendants, who met the established deadline for service of their expert reports, would be prejudiced if Plaintiff is granted a unilateral extension.

Plaintiff continues to assert that copies of the unsigned expert report were mailed to both Defendants' counsel on September 9. However, both attorneys state they never received the unsigned report. The affidavit of Jennifer Ertsgaard, which Plaintiff refers to his Response [Doc. 90], and which he states confirms the mailing date, does not appear in the Court record.[2]

Even if the Court accepts the statement of Plaintiff's counsel that the unsigned reports were sent within the agreed-upon deadline, the record also reflects that Plaintiff's counsel was aware, at least by September 25, 2009, that LANB did not receive the reports which were supposed to have been sent on September 9. Counsel for LANB notified Plaintiff's counsel on that date that the first expert report he received came with a letter from the office of Plaintiff's counsel dated September 23. [Doc. 92, Ex. A]. The Court is therefore hard-pressed to understand counsel's assertion at the October 1, 2009 status conference that it came as a "complete shock" to him to hear, for the first time at the conference, that Defendants did not receive any reports prior to September 23.

Plaintiff has not shown good cause for its failure to submit its expert report within the established deadline, and Defendants have shown that they would be prejudiced if Plaintiff's late submission of the report is allowed. In addition, the trial judge would find his time for consideration of pretrial motions constricted if the late report were to be permitted.

In <u>Sylla-Sawdon v. Uniroyal Goodrich Tire Co.</u>, 47 F.3d 277 (8th Cir. 1995), a plaintiff provided only a cursory expert report, in violation of the court's scheduling order. While Rule 26 did not require disclosure of an expert report at the time the scheduling order was entered, the Eighth

---

[2]Defendant FNBSF has apparently seen a copy of this affidavit. Defendant says that, in her affidavit, Ms. Ertsgaard does not assert that she mailed out expert reports on September 9, but rather on September 29.

Circuit noted that the Rule was changed shortly thereafter to require substantially the same material required in the scheduling order, and to reflect the same underlying consideration – that is, the elimination of unfair surprise.  The court held that the report was deficient, even though there was time to depose the expert.  At trial, plaintiff called the witness to the stand and attempted to qualify him as an expert by probing into his experience with tire failures that had not been revealed in the affidavit and C.V.  The trial court did not allow the questioning, as defendant did not have advance notice of the expert's qualifications and the substance of his testimony.  To rule otherwise, the court said, would frustrate the purpose of the scheduling order and of Rule 26.  So, too, in Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan. 1995), the court held that "[t]he requirements of the Rule 26(a) are mandatory as to any expert retained to testify.  If the expert is unable or unwilling to make disclosures he should be excluded as a possibility for retention as an expert . . . ."

For these reasons, the Motion to Strike will be granted.  The only option open to the parties, if they wish this case to be decided on a full record with all expert reports considered, is to apply to the trial judge for a continuance of the trial date.  If a continuance is granted, and sufficient time is available to ameliorate any prejudice to Defendants, and if the trial judge has sufficient time to deal with potentially dispositive motions, the Court could revisit this issue.

### Order

IT IS THEREFORE ORDERED that Defendants' Motion to Exclude Plaintiff's Expert Witness and Report [Doc. 86] is granted.

*Lorenzo P. Garcia*
Lorenzo P. Garcia
Chief United States Magistrate Judge