IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Consolidated For All Purposes**

ABBASID, INC., dba Azhar's
Oriental Rugs, and AZHAR SAID,

        Plaintiffs,

 vs.                                                                              No. CIV 09-347 JP/LFG

FIRST NATIONAL BANK
OF SANTA FE,

        Defendant.
====================================
ABBASID, INC., dba Azhar's
Oriental Rugs,

        Plaintiff,

 vs.                                                                     No. CIV 09-354 JP/LFG

LOS ALAMOS NATIONAL BANK,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER, ORDER ADOPTING JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

THIS MATTER comes before the Court on Plaintiff's Motion to Modify the Scheduling Order, Order Adopting Joint Status Report and Provisional Discovery Plan [Doc. 101], filed October 15, 2009. Defendant Los Alamos National Bank ("LANB") filed its Response [Doc. 114] on October 26, 2009, and Defendant First National Bank of Santa Fe ("FNBSF") filed its Response [Doc. 116] on October 29, 2009. A hearing on the Motion was conducted on November 5, 2009.

Plaintiff asks the Court to extend case management deadlines as follows: Plaintiff's expert reports due September 11, 2009; Defendants' expert reports due October 15, 2009; discovery motions due November 5, 2009; pretrial motions other than discovery due November 16, 2009; and close of discovery extended to November 16, 2009. As grounds for the Motion, Plaintiff asserts that

Defendants agreed to these extensions. [Doc. 101, at 2].

Ultimately, the Court granted Defendants' motion to strike Plaintiff's expert witness report because it was not timely served.

Defendant LANB asserts that the Court extended the deadline for Plaintiff's expert report to August 21, 2009, that Plaintiff failed to meet that deadline, and that on September 9, 2009, LANB agreed to an extension of Plaintiff's expert disclosure deadline as requested, but only on conditions. Those conditions were that LANB would have until October 15, 2009 to identify its expert and that the deadline for filing non-discovery motions would be extended to December 7, 2009. Because the Court denied the first Motion to Modify the Scheduling Order,[1] these conditions were not met. LANB then timely made its expert disclosure on September 23, 2009. [Doc. 114, at 1-2].

LANB states further that it was not until September 24, 2009 that Plaintiff finally identified its expert witness and supplied her report. LANB states that it never received the unsigned copy of the expert report which Plaintiff asserts was mailed on September 9, 2009. LANB asks that the motion for modification be denied, as the request is moot since it seeks to extend deadlines that have already passed, and because LANB will be prejudiced by the requested extension since Plaintiff would be allowed an extension to identify its expert while LANB would be denied an opportunity to file a dispositive motion on the expert's report. [Id., at 2-3].

Defendant FNBSF asks that the Motion be denied, as it constitutes an indirect attempt to circumvent the Court's Order excluding Plaintiff's expert witness. In addition, FNBSF contends that the relief sought duplicates the relief requested in Plaintiff's Objections to Order Excluding Plaintiff's Expert Witness and, furthermore, that Plaintiff has failed to establish good cause for modifying the deadlines. [Doc. 116, at 1-2].

FNBSF states that Plaintiff did not request FNBSF's consent to extend the expert witness

---

[1] The Magistrate Judge denied the parties' joint request because the proposed date for filing dispositive motions would result in insufficient time prior to the pretrial conference for the trial judge to consider, analyze and decide the motions. Thus, the parties' request was not workable. The Magistrate Judge offered to extend the discovery and expert deadlines only and invited the parties to submit a new proposal within ten days. None was submitted.

deadline until almost 5:00 p.m. the day before the deadline expired.  FNBSF says that it agreed to the extension on the condition that the deadlines for discovery and dispositive motions also be extended.  FNBSF states further that Plaintiff waited two weeks to file a motion with the Court to modify the deadlines as conditionally agreed by the parties and that, in any event, FNBSF did not receive an expert disclosure from Plaintiff until September 24, 2009, well after even the extended deadline. [Id., at 2-4].

After receipt of Plaintiff's expert report, Defendant LANB sought to schedule the expert's deposition.  However, given the expert's limited availability of time and the fact that the requisite 14 days notice, required by D.N.M.LR-Civ. 30.1, could not be met, the notice was withdrawn.

The Court heard the arguments of counsel at the November 5 hearing and finds that nothing presented in this Motion supports a change in the earlier determination that Plaintiff's expert report should be excluded and that the dispositive motion deadline should remain as previously established.  For the reasons set forth in the Court's earlier Order granting Defendants' Motion to Exclude Plaintiff's Expert Witness and Report [Doc. 86], the present Motion will also be denied.

While the Court is sympathetic to Plaintiff's argument that cases are better decided on their merits rather than on what Plaintiff characterizes as a technicality, in this case the trial judge has set the final pretrial conference for January 21, 2010, with trial scheduled for February 22, 2010.  The current deadline for filing dispositive motions, November 16, 2009, was set to allow the trial judge adequate time to consider such motions prior to the pretrial conference.  There is simply not enough time available prior to the pretrial conference to accommodate Plaintiff's request.  Allowing for the requested late compliance would necessitate reopening discovery to take Plaintiff's expert deposition, and it would require the Court to give Defendants additional time to have their experts review the Plaintiff's report and then update or supplement their earlier report.  If Defendants updated their expert report, the Court would have to allow Plaintiff an opportunity to depose Defendants' expert.  Finally, the Court would have to open and extend the deadline for dispositive motions.  All of this would likely require three or four months to accomplish.  These modifications

would conflict with the pretrial and trial dates. The undersigned Magistrate Judge does not have authority to alter the established trial and pretrial conference dates; a request to do so must be presented to the trial judge.

## **Order**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Modify the Scheduling Order, Order Adopting Joint Status Report and Provisional Discovery Plan [Doc. 101] is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge