IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,

    Plaintiff,

vs.                                                             Case No. Civ. 09-347 JP/LFG

FIRST NATIONAL BANK OF SANTA FE

    Defendant.

                                               Consolidated With

ABBASID, INC. d/b/a AZHAR'S ORIENTAL RUGS,

    Plaintiff,

vs.                                                             Case No. Civ. 09-354 JP/LFG

LOS ALAMOS NATIONAL BANK,

    Defendant.

**MEMORANDUM OPINION AND ORDER DECONSOLIDATING CASE NOS. CIV. 09-347 AND 09-354**

On November 4, 2010, Defendant Los Alamos National Bank (LANB) filed an Opposed Motion To Deconsolidate Cases (Doc. No. 114 in Case No. Civ. 09-354, Doc. No. 219 in Case No. Civ. 09-347). Plaintiff Abbasid, Inc. d/b/a Azhar's Oriental Rugs (Abbasid) filed a Response (Doc. No. 119 in Case No. Civ. 09-354, Doc. No. 222 in Case No. Civ. 09-347) on November 18, 2010 and on November 24, 2010 LANB filed its Reply (Doc. No. 121 in Case No. Civ. 09-354, Doc. No. 224 in Case No. Civ. 09-347). In its Motion to Deconsolidate, LANB requests that the Court deconsolidate Case No. Civ. 09-354 and Case No. Civ. 09-347—two

1

related cases that the Court consolidated on May 22, 2009. *See Sua Sponte* Order of Consolidation (Doc. No. 46 in Case No. Civ. 09-354, Doc. No. 37 in Case No. Civ. 09-347). In support of its Motion, LANB contends that the cases were effectively deconsolidated in February 2010 when the Court and the parties began to file pleadings related to Abbasid's case against LANB only in Case No. Civ. 09-354. In its Response, Abbasid contends that the cases have not been effectively deconsolidated, that common issues of fact and law continue to predominate, and that there is overlap between the two cases such that deconsolidating would require Abbasid to file multiple appeals. Having considered the arguments raised by both parties, the Court concludes that LANB's Motion to Deconsolidate should be granted and that Case No. Civ. 09-354 and Case No. Civ. 09-347 should be deconsolidated.

## Background

In May 2008, Abbasid filed separate lawsuits against LANB and First National Bank of Santa Fe (FNBSF) in a Texas state court. *See* Doc. No. 1 in Case No. Civ. 09-347 and Case No. Civ. 09-354. Both lawsuits alleged that the respective banks had permitted an individual named Bina Shahani to deposit checks that were made out to Abbasid into Shahani's personal checking account without Abbasid's authorization. *See id.* Abbasid sought damages for the banks alleged conversion of Abbasid's property. In June 2008, both cases were seperately removed to the United States District Court for the Southern District of Texas. *See id.* In April 2009, the cases were separately transferred from the Southern District of Texas to the District of New Mexico where Abbasid's claims against FNBSF were assigned Case No. Civ. 09-347 and Abbasid's claims against LANB were assigned Case No. Civ. 09-354. On May 22, 2009, the Court entered a *Sua Sponte* Order of Consolidation (Doc. No. 46 in Case No. Civ. 09-354, Doc. No. 37 in Case No. Civ. 09-347) consolidating the two cases. In the Order of Consolidation, the Court found

that consolidation was warranted because the cases involved common questions of law or fact. The Court also ordered that Case No. Civ. 09-347 be the lead case and that all future filings in Case No. Civ. 09-354 be filed in Case No. Civ. 09-347.

The consolidated cases were later set for a jury trial beginning on February 22, 2010. However, only Abbasid's claims against LANB were litigated during the jury trial because Abbasid settled its claims against FNBSF in January 2010. *See* Doc. No. 185 in Case No. Civ. 09-347. At the conclusion of the trial, the jury returned a verdict in LANB's favor (Doc. No. 67 in Case No. Civ. 09-354) and the Court entered judgment in favor of LANB. (Doc. No. 68 in Case No. Civ. 09-354).

Contemporaneously with the trial, a dispute arose between Abbasid and FNBSF regarding the settlement between the parties. On February 18, 2010 Abbasid filed a Motion to Enforce Settlement Agreement (Doc. No. 185 in Case No. Civ. 09-347) asserting that FNBSF had failed to immediately pay the settlement proceeds to Abbasid and requesting that the Court order FNBSF to pay Abbasid as required by the settlement. On April 13, 2010, Abbasid filed a Second Motion to Enforce Settlement Agreement against FNBSF (Doc. No. 199 in Case No. Civ. 09-347) asserting that FNBSF had violated the settlement agreement by filing an interpleader action in state court rather than immediately paying the proceeds of the settlement to Abbasid. In its response, FNBSF contended that there were conflicting claims to the settlement funds that necessitated filing an interpleader action rather than directly paying Abbasid. Response in Opposition (Doc. No. 200 in Case No. Civ. 09-347).

As a result of the dispute over the settlement proceeds and the pending interpleader action in state court, the Court entered a Memorandum Opinion and Order Staying Proceedings In Case No Civ. 09-347 (Order Staying Proceedings) (Doc. No. 205 in Case No. Civ. 09-347)

concluding that "the interests of justice and judicial economy would be best served by staying proceedings in Case No. Civ. 09-347 pending a resolution of FNBSF's interpleader action in the First Judicial District Court."  Order Staying Proceedings at 2.  In a footnote, the Court advised counsel "that the stay of proceedings in Case No. Civ. 09-347 is not intended to apply to the ongoing post-trial proceedings in Case No. Civ. 09-354." *Id.* at 9.

Because the post-trial proceedings in Case No. Civ. 09-354 were not affected by the stay in Case No. Civ. 09-347, the parties continued to litigate a number of post-trial issues related to Abbasid's claims against LANB.  After the trial, LANB was awarded costs in the amount of $5,582.85.  Abbasid failed to pay, and LANB attempted to collect its costs by filing a Motion To Compel Compliance With Order and For Sanctions (Doc. No. 84 in Case No. Civ. 09-354) and a subsequent Motion For Order To Show Cause Why Azhar Said Should Not Be Held In Contempt And For Sanctions (Doc. No. 93 in Case No. Civ. 09-354).  In response, Abbasid argued that contempt is not a proper remedy to enforce a money judgment and that the proper remedy for LANB to collect the costs it had been awarded was through a writ of execution.  *See* Abbasid's Amended Response to LANB's Motion To Show Cause Why Azhar Said Shall Not Be Held In Contempt And For Sanctions (Amended Response to LANB's Motion to Show Cause) (Doc. No. 95 in Case No. Civ. 09-354). The Court agreed with Abbasid and, on September 9, 2010, entered a Memorandum Opinion and Order (Doc. No. 108 in Case No. Civ. 09-354) denying LANB's request to enforce its money judgment by holding Abbasid and Azhar Said  in contempt.

On November 3, 2010, LANB filed a Motion To Compel Production of Documents in Aid of Execution And For Sanctions (Doc. No. 113 in Case No. Civ. 09-354) seeking to compel Abbasid to produce documents to assist LANB in discovering assets that could be executed upon

to satisfy the money judgment entered against Abbasid.  In its November 17, 2010 Response to LANB's Motion To Compel Production of Documents in Aid of Execution and for Sanctions (Doc. No. 117 in Case No. Civ. 09-354) Abbasid asserted, contrary to its argument in its Amended Response to LANB's Motion To Show Cause, that a writ of execution was not an available remedy to collect the costs taxed against Abbasid because there was never a final judgment in the case.  Specifically, Abbasid contended that because Case No. Civ. 09-347 and Case No. Civ. 09-354 were consolidated, and because Case No. Civ. 09-347 had been stayed pending resolution of the interpleader action, there was no final judgment in favor of LANB such that LANB could utilize a writ of execution to collect the costs it had been awarded following the jury trial.

As a result of Abbasid's contentions, LANB filed its Motion to Deconsolidate, asserting that Case No. Civ. 09-347 and Case No. Civ. 09-354 had implicitly been deconsolidated in Feburary 2010 and requesting that the Court enter an order deconsolidating the cases.

### DISCUSSION

Rule 42(a) of the Federal Rules of Civil Procedure permits district courts to consolidate two or more actions if the "actions before the court involve a common question of law or fact." "Consolidation is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action." *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361 (10th Cir. 1982).  The decision to consolidate two or more actions is, however, purely discretionary.  *See Skirvin v. Mesta*, 141 F.2d 668 (10th Cir. 1944).  In its *Sua Sponte* Order of Consolidation, the Court found that a common question of law or fact existed and ordered the consolidation of Case No. Civ. 09-347 and Case No. Civ. 09-354. At the time that the cases were consolidated, the cases shared common questions of law and fact as both cases

5

involved allegedly unauthorized bank transactions conducted by Bina Shahani.  However, once Abbasid settled its claims against FNBSF and proceeded to trial against LANB, the two cases no longer continued to share common questions of law or fact.   By settling its claims against FNBSF and releasing FNBSF of all liablity, Abbasid no longer had any claims against FNBSF related to the allegedly unauthorized bank transactions.  Thus, at the time that Abbasid and FNBSF entered into a settlement agreement, the common questions of law and fact between Case No. Civ. 09-347 and Case No. Civ. 09-354 ceased to exist. Despite the lack of any remaining common questions of law or fact between the two cases, none of the parties requested that the Court deconsolidate the actions nor did the Court *sua sponte* issue an order deconsolidating the actions.

   However, as LANB points out in its Motion to Deconsolidate, the Court effectively deconsolidated the cases by beginning to file all documents related to Abbasid's claims against LANB in Case No. Civ. 09-354, not Case No. Civ. 09-347. Beginning with the minutes of the final pre-trial conference that were filed on February 18, 2010, all of the documents the Court filed that were related to the trial were filed only in Case No. Civ. 09-354.  In addition, all of the post-trial motions field by the parties were filed only in Case No. Civ. 09-354.  For example, when Abbasid filed its March 26, 2010 Motion for a New Trial (Doc. No. 75 in Case No. Civ. 09-354), it did so only in Case No. Civ. 09-354, not in Case No. Civ. 09-347.  Thus, despite the fact that the Court's *Sua Sponte* Order of Consolidation remained in effect after Abbasid settled its claims against FNBSF, the Court and the parties proceeded as if the two cases had in fact been deconsolidated.  That the cases were no longer treated as a consolidated whole is further evidenced by the Court's May 19, 2010 Memorandum Opinion and Order Staying Proceedings In Case No. Civ. 09-347 in which the Court advised the parties that the stay had no effect on the

proceedings in Case No. Civ. 09-354.  Because the proceedings in Case No. Civ. 09-354 were permitted to continue despite the stay in Case No. Civ. 09-347, the two cases were effectively deconsolidated.

Despite the fact that the two cases have been effectively deconsolidated since Abbasid settled its claims against FNBSF, Abbasid argues that the Court should not deconsolidate the cases for two reasons.  First, Abbasid contends that its claim against FNBSD has not been resolved because it has not collected anything from FNBSF and that Abbasid "anticipates an appeal of the FNBSF claim once the stay is lifted."  Response at 2.  Second, Abbasid contends that "[t]here is overlap between the two cases" and that it "desires to avoid multiple appeals."  Neither of these two arguments support the continued consolidation of Case No. Civ. 09-354 and Case No. Civ. 09-347.

First, contrary to Abbasid's contention that its claims against FNBSF have not been resolved, it appears that Abbasid's claims against FNBSF have in fact been finally resolved. LANB provided the Court with a copy of a November 12, 2010 order from the First Judicial District Court, County of Santa Fe, State of New Mexico that orders that "FNBSF be and hereby is discharged, released and held harmless from any liability to [Abbasid] as a result of the Federal Court case . . . and the settlement agreement between FNBSF and Abbasid, Inc."  The state district court further ordered that Abbasid is "permanently enjoined and restrained from instituting or prosecuting any proceeding against FNBSF in any state court on account of the Federal Court Case or the proceeds of the settlement between FNBSF and Abbasid, Inc."  *Id.* Abbasid has not provided the Court with any evidence that Abbasid has appealed or otherwise challenged the state court's order.  Thus, Abbasid's claims against FNBSF appear to have been completely resolved.

Second, while Abbasid contends that it wishes to avoid multiple appeals, Abbasid has failed to explain how it would be able to appeal any of the Court's orders related to the FNBSF portion of the case. Because Abbasid settled its claims against FNBSF, there are no appellate issues that could be brought with respect to Abbasid's case against FNBSF. Thus, Abbasid's concern that it would have to file multiple appeals is unfounded. Further, even if Abbasid was able to preserve some appellate issue with respect to its claims against FNBSF despite having settled those claims, Abbasid's contention that the cases should remain consolidated to avoid multiple appeals is contradicted by a recent pleading that Abbasid's counsel filed. On November 15, 2010 Abbasid's attorneys, Dale & Klein, L.L.P. and Richard S. Lees, P.A., filed a Motion to Withdraw as Counsel for Abbasid, Inc. (Doc. No. 220 in Case No. Civ. 09-347) advising the Court that "[t]here has developed an irreconcilable conflict of interest between the party and attorneys stemming from the New Mexico State Court Interpleader action wherein the party and attorneys' interests differ." In a later Reply (Doc. No. 226 in Case No. Civ. 09-347), Abbasid's counsel clarified that they only wished to withdraw with respect to the FNBSF portion of the case and that they are not withdrawing as to the LANB portion of the case. Abbasid's counsel further advised that they "have chosen not to continue representation on the [FNBSF] piece of the case" but have "agreed to pursue [Abbasid's] appeal of the [LANB] matter and will handle the appeal." Abbasid's counsel's request to withdraw is a direct contradiction to Abbasid's assertion that deconsolidating the cases would wrongfully require Abbasid to file multiple appeals as multiple appeals will be necessary if Abbasid is represented by different attorney's for its claims against FNBSF and LANB.

Because Abbasid has settled its claims against FNBSF and because Abbasid has not shown any meritorious basis for keeping the cases consolidated, the Court concludes that the

common issues of fact and law that necessitated the consolidation of Case No. Civ. 09-347 and Case No. Civ. 09-354 no longer exist and that consolidation is no longer necessary.

IT IS ORDERED that the Court's May 22, 2009 *Sua Sponte* Order of Consolidation is vacated and Case No. Civ. 09-347 and Case No. Civ. 09-453 will proceed as separate actions. All future filings related to 09-347 are to be filed only in 09-347 and all future filings related to 09-354 are to be filed only in 09-354.

_____
SENIOR UNITED STATES DISTRICT JUDGE